FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 12 2008

JAMES N. HATTEN, Clerk
[signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HSBC BANK USA, N.A., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:08-cv-2036-TCB |
| TERESA N. MATHIS, | ) |
| Defendant. | ) |

## ORDER

### I. Background

On November 1, 2005, Defendant Teresa N. Mathis executed and delivered a security deed to Mortgage Electronic Registration Systems, Inc. ("MERS") for property located at 2744 Gordon Banks, Duluth, Georgia 30097-7464. On May 6, 2008, MERS, as a nominee for Plaintiff HSBC Bank USA, N.A., conducted a non-judicial foreclosure sale of the property. HSBC was the successful bidder at the sale and is now the owner of the property. On May 20, 2008, HSBC initiated a dispossessory proceeding

against Mathis in the Magistrate Court of Gwinnett County, Georgia. On June 17, 2008, Mathis removed the case to this Court.[1]

Now before this Court is HSBC's motion to remand the case to the Magistrate Court of Gwinnett County [2].

## II. Discussion

Pursuant to 28 U.S.C. § 1441, a civil action originally filed in a state court may be removed to federal district court if the district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). The burden is on the party seeking removal to establish federal subject matter jurisdiction. *See, e.g., Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 390 (N.D. Ga. 1983). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal

---

[1] On the same date that she removed this action to this Court, Mathis, as Plaintiff, filed a separate action against HSBC in this Court, case number 1:08-cv-2035-TCB.

2

jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Corp.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Mathis does not specifically state in her notice of removal the basis upon which she is entitled to remove this case. However, based upon her answer to HSBC's motion for remand [3], it appears that she intends to rely upon both diversity of citizenship jurisdiction and federal question jurisdiction.

## A. Diversity of Citizenship Jurisdiction

One basis of removal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. The party seeking to establish diversity of citizenship jurisdiction must demonstrate that the amount in controversy exceeds $75,000 and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332.

In her response to HSBC's motion to remand, Mathis asserts that diversity of citizenship jurisdiction has been established and that the state case is thus removable.[2] However, even when a plaintiff has satisfied the requirements for diversity of citizenship jurisdiction, "such action shall be

---

[2] Mathis does not plead specific facts regarding the citizenship of HSBC and therefore does not prove that there is complete diversity of citizenship. However, Mathis's error is immaterial since the Court's holding does not rest on the citizenship of HSBC.

3

removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). It appears from Mathis's address of record that she is a citizen of Georgia. Because Mathis is a citizen of Georgia and the original suit was filed in Georgia, she cannot rely upon diversity jurisdiction to remove the case to this Court.

### B. Federal Question Jurisdiction

Mathis also attempts to establish subject matter jurisdiction by demonstrating that this case presents a federal question. *See* 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must form an essential

4

element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932).

In order for removal to be proper, one or more of HSBC's claims in state court must have arisen under federal law. HSBC's pleading—a dispossessory affidavit pursuant to O.C.G.A. § 44-7-50 (Supp. 2008)—asserts rights only under Georgia state law. Thus, it is clear under the well-pleaded complaint rule that HSBC's complaint fails to assert any federal cause of action.

Mathis's notice of removal asserts that Georgia law regarding dispossessory proceedings violates numerous federal constitutional and statutory provisions. HSBC contends that these allegations are best characterized as defenses to the dispossessory proceeding, and the Court agrees. Further, it is well established that defenses arising under federal law are insufficient to establish subject matter jurisdiction for removal purposes. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("A defendant may not remove a case to federal court

unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."). Because all of Mathis's allegations in her notice of removal are construed as defenses, she has failed to carry her burden of showing that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331. Consequently, removal is improper.

## III. Conclusion

For the foregoing reasons, the Court GRANTS HSBC's motion to remand [2].

IT IS SO ORDERED this 12th day of September, 2008.

_____
Timothy C. Batten, Sr.
United States District Judge